IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JEROME YAZZIE,

    Defendant.

No. 1:16-cv-704-PJK-WPL
No. 1:11-cr-03108-PJK-1

ORDER ADOPTING PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION OF THE MAGISTRATE JUDGE

THIS MATTER comes on for consideration of Defendant Jerome Yazzie's Objection to Proposed Findings and Recommended Disposition filed May 16, 2017 (Doc. 19, 1:16-cv-00704-PJK-WPL; Doc. 213, 1:11-cr-03108-PJK-1). In accordance with 28 U.S.C. § 636(b)(1)(B), this case was referred to Magistrate Judge William P. Lynch, who recommended that Mr. Yazzie's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Docs. 1 & 3, 1:16-cv-00704-PJK-WPL; Docs. 194 & 195, 1:11-cr-03108-PJK-1) be denied and the case be dismissed with prejudice.

Mr. Yazzie's objection revolves around 18 U.S.C. § 924(c)(3), which defines the term "crime of violence." Under § 924(c)(3)(B), a crime is violent if it, "by its nature, involves a substantial risk that physical force against the person

or property of another may be used in the course of committing the offense." This language is similar, but not identical, to the residual clause in the Armed Career Criminal Act ("ACCA").  See 18 U.S.C. § 924(e)(2)(B)(ii).  In <u>Johnson v. United States</u>, the Supreme Court determined that the residual clause in the ACCA was unconstitutionally vague, 135 S. Ct. 2551, 2557 (2015), and later declared that its holding would apply retroactively on collateral review, <u>Welch v. United States</u>, 136 S. Ct. 1257, 1264–65 (2016).

The magistrate judge recommended that this court not extend <u>Johnson</u>'s reasoning to § 924(c)(3)(B), and concluded that it was unnecessary to determine whether Mr. Yazzie's predicate convictions qualified as crimes of violence under § 924(c)(3)(A).  (Doc. 18, at 4, 1:16-cv-00704-PJK-WPL; Doc. 212, at 4, 1:11-cr-03108-PJK-1).  Mr. Yazzie argues that the magistrate judge missed the narrow core of his argument: that § 924(c)(3)(B) is unconstitutionally vague only because a court would now be unable to look at the actual facts of the predicate convictions under <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013).  The Court in <u>Alleyne</u> held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury."  <u>Id.</u> at 2155.  According to Mr. Yazzie, only a jury could decide whether his predicate convictions were crimes of violence.

This court is not persuaded.  As discussed by the magistrate judge, § 924(c)(3)(B) materially differs from the ACCA's residual clause.  See <u>United States v. Hill</u>, 832 F.3d 135, 145–150 (2d Cir. 2016); <u>United States v. Taylor</u>, 814

F.3d 340, 375–79 (6th Cir. 2016). For example, § 924(c)(3)(B) uses the word "may," whereas the ACCA does not. Although a categorical approach might apply, see Johnson, 135 S. Ct. at 2561–62, Mr. Yazzie's argument that Alleyne would restrict the court's analysis is really one for retroactivity of that holding — an argument that has been rejected. In re Payne, 733 F.3d 1027, 1029–30 (10th Cir. 2013). Moreover, Mr. Yazzie's argument is procedurally barred because it was not raised at trial or on appeal, and is time-barred unless Johnson applies, which it does not.

The court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant. A COA should issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant can satisfy this standard by demonstrating that the issues raised are debatable among jurists, a court could resolve the issues differently, or the questions warrant further proceedings. Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). The court denies a COA because Mr. Yazzie's narrow objection is not reasonably debatable.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that:

(1) Defendant Jerome Yazzie's Objection to Proposed Findings and Recommended Disposition filed May 16, 2017 (Doc. 19, 1:16-cv-00704-PJK-WPL; Doc. 213, 1:11-cr-03108-PJK-1) is overruled.

(2) The Proposed Findings and Recommended Disposition of the Magistrate Judge (Doc. 18, 1:16-cv-00704-PJK-WPL; Doc. 212, 1:11-cr-03108-PJK-1) are adopted.

(3) Mr. Yazzie's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Docs. 1 & 3, 1:16-cv-00704-PJK-WPL; Docs. 194 & 195, 1:11-cr-03108-PJK-1) is denied.

(4) A COA is denied.

(5) A separate judgment shall be entered in the civil case (1:16-cv-704-PJK-WPL).

DATED this 31st day of May 2017, at Santa Fe, New Mexico.

/s/ Paul Kelly, J.
United States Circuit Judge
Sitting by Designation

Counsel:

Jack Burkhead, Assistant United States Attorney (James D. Tierney, Acting United States Attorney), Albuquerque, New Mexico, for Plaintiff.

Gregory M. Acton, Albuquerque, New Mexico, for Defendant.